# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA SUSAN,<br><br>                        Plaintiff,<br>  vs.<br><br>BETA HEALTHCARE GROUP,<br><br>                       Defendants. | CASE NO. 16cv1847-LAB (JLB)<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR LEAVE TO PROCEED** *IN FORMA PAUPERIS*; **AND**<br><br>**ORDER OF DISMISSAL** |

Plaintiff Barbara Susan, proceeding *pro se*, filed a complaint, which she calls a petition for writ of mandamus, along with a motion for leave to proceed *in forma pauperis* ("IFP").

According to the IFP motion, Susan has $150 in cash and no other assets or income of any kind, including public assistance. The motion refers to occasional employment, but does not identify any earnings. According to the motion, her only expenses are $200 per month for food; she pays nothing for housing,[1] clothing, health care, transportation, or anything else. While it's likely Susan could qualify for IFP status, her application is incomplete. She does not explain how she pays for her living expenses. Furthermore, the underlying dispute pertains to medical records, so it appears she has or recently had health care expenses of some kind.

---

[1] The address she provided in her pleadings is a rented mailbox.

1     Because it is incomplete, the IFP motion is **DENIED WITHOUT PREJUDICE**.

2     Assuming Susan successfully moves to proceed IFP, the Court will be required to
3 screen her complaint, and to dismiss it to the extent it fails to state a claim. *See* 28 U.S.C.
4 § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). In the
5 interests of efficiency and speedy resolution of this action, *see* Fed. R. Civ. P. 1, the Court
6 will conduct the screening now. The Court is also obligated to confirm its own jurisdiction,
7 sua sponte if necessary. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360
8 F.3d 960, 966 (9th Cir. 2004).

9     The complaint asks the Court to order a clinic or health center to retain Susan's
10 medical records so that she can inspect them or use them as evidence in an unidentified
11 proceeding. According to exhibits attached to the complaint, Susan believes someone else
12 annotated or altered one of the documents in her file.  What documents Susan is asking for
13 and why she needs to review them are not clearly explained.

14     The complaint does not include either a "short and plain statement of the grounds for
15 the court's jurisdiction," or "a short and plain statement of the claim showing that the pleader
16 is entitled to relief . . . ." Fed. R. Civ. P. 8. Besides failing to state a claim upon which relief
17 can be granted, the complaint does not explain why the Court has jurisdiction over this
18 dispute.  The parties do not appear to be diverse, and in any event the amount in
19 controversy does not appear to be met. And no basis for federal question jurisdiction is
20 apparent in the complaint. The complaint is therefore **DISMISSED WITHOUT PREJUDICE**,
21 both for failure to state a claim and for failure to invoke the Court's jurisdiction.

22     No later than **August 22, 2016**, Susan may either pay the filing fee or file a renewed
23 IFP motion, and also file an amended complaint.  The renewed IFP motion and amended
24 complaint must correct the defects this order has identified.  "Filed" means these documents
25 must be received and docketed by the due date, not merely mailed or postmarked. **If Susan**
26 / / /
27 / / /
28 / / /

does not do both of these within the time permitted, this action will be dismissed without leave to amend.

**IT IS SO ORDERED**.

DATED: July 25, 2016

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge